# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID MARTIN, | CASE NO. 4:20-CV-421 |
| Petitioner, | SENIOR JUDGE |
| | CHRISTOPHER A. BOYKO |
| vs. | |
| RICHARD A. BOWEN, JR., Warden, | OPINION AND ORDER |
| Respondent. | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter is presently before the Court on the correspondence of Dominque Haynes submitted to the court purportedly on behalf of, and under power of attorney for, the Petitioner, David Martin. (Docs. 28, 29, 31.) Because Martin is represented by counsel and to the extent that the correspondence can be interpreted as motions for relief from the Court, or briefs in support of a motion, the motions are **DENIED** and the correspondence shall be stricken from the record.

## BACKGROUND FACTS

David Martin was sentenced to death for Aggravated Murder, Attempted Murder and other offenses by the Trumbull County, Ohio, Court of Common Pleas in *State of Ohio v. David R. Martin*, Case No. 12-CR-735, and affirmed by the state courts of Ohio. On February 24, 2020, Martin filed a Notice of Intent to File Petition for Writ of Habeas Corpus with the Court and a Motion for Appointment of Counsel, which was granted by the Court May 7, 2020.

Federal Public Defenders from the Capital Habeas Unit were subsequently appointed to represent Martin.

Despite formal representation, on October 31 and November 2, 2022, letters were filed with the Clerk of Courts in this matter by Dominque Haynes, purportedly under a power of attorney executed by Martin. The language of the power of attorney is limited to Martin's financial and medical affairs. The October 31 letter requested the immediate release of Martin. The November 2 letter challenged the constitutionality of the death penalty and requested Martin's sentence be immediately vacated. On January 12, 2023, Haynes filed a UCC Financing Statement with the State of Ohio on behalf of Martin and is believed to have been responsible for filing a copy of the Statement with the Court.

Despite the filings by Haynes, Martin remains represented by counsel and his current attorneys continue to appear on his behalf. Throughout these proceedings, counsel has represented Martin diligently. (See Docs. 14, 15, 23, 24, 25, 26, 27 and 30.)

If the Court accepts, for sake of argument, that the power of attorney grants Haynes the power to act in Martin's stead,[1] the motions and correspondence must still be denied. Although criminal defendants have a Sixth Amendment right to proceed pro se, see *Faretta v. California,* 422 U.S. 806, 814-18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), they have no constitutional right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller,* 561 Fed. Appx. 485, 488 (6th Cir. 2014); *United States v. Green,* 388 F.3d 918, 922-23, 106 Fed. Appx. 358 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have

---

[1] The Court does not accept this premise. Title 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." Haynes is neither Martin, nor his authorized counsel.

been aptly described as two faces of the same coin, in that waiver of one right constitutes a correlative assertion of the other . . . [and] for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights." *United States v. Conder,* 423 F.2d 904, 908 (6th Cir.), cert. denied, 400 U.S. 958, 91 S. Ct. 357, 27 L. Ed. 2d 267 (1970) (quotation marks and citations omitted); see *Mosely,* 810 F.2d at 97-98.

Accordingly, it is well settled that that the district court need not consider pro se motions filed by defendants represented by counsel. *Abdullah v. United States,* 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); *United States v. Gwiazdzinski,* 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file pro se briefs when represented by counsel). See generally *McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a pro se brief when represented by counsel).

There is no reason to stray from this widely accepted rule in this case because, as the Supreme Court has noted, "[t]he complexity of our jurisprudence in [the capital habeas corpus] area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law." *McFarland v. Scott,* 512 U.S. 849, 855-56, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (internal quotation marks and citations omitted). "Congress' provision of a right to counsel [for federal habeas petitioners] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." *Id.* at 854.

Accordingly, because the October 31, 2022 letter (Doc. 28), November 2, 2022 letter (Doc. 29), and January 12, 2023 Notice of UCC Filing (Doc. 31) represent motions or briefs

which the Court has no obligation to consider, they shall be stricken from the record.  Further, the Clerk's Office is instructed not to accept any future filings by Dominque Haynes in the case at bar.

    **IT IS SO ORDERED.**

                                             /s  Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **Senior United States District Judge**

**Dated: January 20, 2023**